IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

VERNON DANIELS,

        Petitioner,

v.

                                     Civil Action No. 1:04CV84
                                     (Judge Stamp)

B.A. BLEDSOE, Warden,

        Respondent.


## OPINION/REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On May 11, 2004, the *pro se* petitioner, an inmate at FCI-Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting the Federal Bureau of Prisons ["BOP"] improperly calculated his jail time credit.

The petitioner states that he was convicted in the District of Columbia of 2 counts of burglary in the second degree (Case no. F2036-00 -Count B and Case no. F-5442-01- Count C). On June 21, 2000, he was sentenced. According to the petitioner, in case no. F2036-00, he was sentenced to 2-6 years, all of which was suspended except for 20 months. In case no. F-5442-01, the petitioner was sentenced to 2 years imprisonment and three years probation.

On January 29, 2003, the petitioner's probation was revoked in case no. F-5442-01. He was sentenced to 2 years in prison followed by three years supervised release with credit for time served. The court ran the sentence consecutively to any other sentences. According to the petitioner, he has

served 145 days on this sentence leaving 1 year, 7 months and 5 day to be served.

On February 10, 2003, the Superior Court for the District of Columbia revoked the petitioner's parole in case no. F-2036-00, and sentenced him to 2 to 6 years imprisonment, "ESS as to all but 20 months." The court ordered that the "defendant is to receive credit for time already served, including but not limited to the one year that the defendant already served pursuant to the split sentence imposed on January 18, 2002. Sentence is to run consecutive to all other sentences." The petitioner asserts he served 449 days and that he only has 8 months left to serve on this sentence.

On April 28, 2003, the petitioner was sentenced to 200 days in Case no. F-8224-02. Because he was held in custody for 36 days on this charge before he was sentenced, the petitioner states he was required to serve 5 months and 14 days on that charge.

On December 3, 2003, the petitioner filed a Request for Administrative Remedy in which he asserted that he is entitled to 365 days credit in case no. F-2036-00 for the period of January 18, 2002 to December 13, 2002, and 182 days in case no. F-5442-01 for the period of August 26, 2001 to February 25, 2002 for a total credit of 547 days. On December 22, 2003, B.A. Bledsoe advised the petitioner of the following:

> [Y]ou served a Misdemeanor sentence on case F2321-00 for escape from January 18, 2002 to July 17, 2002. You sentence for case F2036-00 imposed on June 6, 2000 started on July 17, 2002. You were on escape statue from October 3, 2002 to October 15, 2002 and were ultimately released on December 13, 2002. We have found that credit was not applied to your sentence from July 17, 2002 to October 3, 2002, so therefore, we have updated your sentence computation to reflect his. Accordingly, your release date has been changed from January 28, 2006, to November 11, 2005.
>
> You also claim that you did not receive credit from August 26, 2001 to February 25, 2002 on case F5442-01. According to our records, you were serving a parole violation for case F12378-90. You warrant was executed on June 22, 2000 and you

[were] paroled on April 5, 2002.

In accordance with District of Columbia Code 24-431, credit cannot be awarded if it is had been applied to another sentence.

Based on the above information, your request for relief is partially granted.

The petitioner then filed a Regional Administrative Remedy Appeal in which he argued he is still entitled to credit of 547 days. On January 21, 2004, K.M. White, Regional Director, denied the appeal and opined that the calculation of the petitioner's sentence credit was correct. Mr. White specifically stated as follows:

A review of records in this matter reveals you are currently serving an aggregated 2 year, 6 month and 19 day District of Columbia Superior Court Sentence which commenced on January 19, 2003. Your current projected release date from this sentence is March 13, 2005. Upon release from your current sentence, you must serve a 20 month District of Columbia Superior Court split sentence. This consecutive sentence is documented as a "future computation." Staff have carefully reviewed your request for credit and have granted credit for the periods from August 27, 2001, to January 17, 2002, from July 17, 2002, to October 3, 2002, and from October 16, 2002, to December 13, 2002. This credit has been applied to your "future computation."

The petitioner filed a Central Office Administrative Remedy Appeal in which he stated that there is no future time to serve because all of his sentences were running at the same time. Harrell Watts denied the appeal and stated that the petitioner has provided no new information.

Subsequently, the petitioner filed the instant §2241 petition. The petitioner requests that the Court order the BOP to correct the petitioner's release date to that of June 7, 2005, and to afford him all the credit time that is to be awarded to him.

By Order entered on November 3, 2004, the respondent was ordered to show cause why the writ should not be granted but has failed to respond to the Court's order.

## II. ANALYSIS

The relevant statute is D.C. Code §24-431. This statute provides as follows.

**§24-431** Jail time; parole

(a) Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

This statute has been interpreted by the District of Columbia Court of Appeals in Ali v. District of Columbia, 612 A. 2d 228 (D.C. Ct. App. 1992). In Ali, the court found that a defendant is not entitled to credit on the sentence in a new case when the defendant was serving a sentence for another offense during the same time.

Based on the responses the petitioner has received from his administrative appeals, it appears the petitioner has been given the proper amount of sentencing credit. The petitioner cannot received credit for a period of time that has been applied to another sentence and it appears to the undersigned that the petitioner is seeking double credit. Consequently, the petitioner is not entitled to any additional credit and his petition should be denied.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District

Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

DATED: July 7, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE