IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VERNON DANIELS,

        Petitioner,

v.                                                    Civil Action No. 1:04CV84
                                                                      (STAMP)

B.A. BLEDSOE, Warden,

        Respondent.

**ORDER AFFIRMING AND ADOPTING REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

     On May 11, 2004, the petitioner in the above-styled civil action filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 arguing that the Federal Bureau of Prisons ("BOP") improperly calculated his jail time credit. On November 3, 2004, United States Magistrate Judge John S. Kaull entered an order directing the respondent to show cause why a writ should not be granted. The respondent failed to respond to the Court's order. However, the magistrate judge entered a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. No objections have been filed.

     Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, the magistrate

judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error and is of the opinion that it should be affirmed and adopted in its entirety.

This Court agrees with the magistrate judge that the relevant statute at issue in this case is D.C. Code § 24-431 which states in pertinent in part:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for time spent in custody or on parole as a result of the offense for which sentence was imposed. Pursuant to statute, a defendant is not entitled to credit on the sentence in a new case for time the defendant was serving for a separate offense.

See Ali v. District of Columbia, 612 A.2d 228 (D.C. Ct. App. 1992). Accordingly, this Court finds no error in the BOP's determination that pursuant to District of Columbia Code § 24-431, credit cannot be awarded if it has been applied to another sentence. Therefore, this Court agrees with the magistrate judge that it appears that the petitioner has been given the proper amount of sentencing credit and that he is not entitled to any additional credit.

## Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2241 petition is DENIED

2

and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner and to counsel of record herein.

DATED: October 25, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE